UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

DWAYNE B. JAMES, TRICIA M. JAMES,

        Debtor.

Case No. 16-06953

Chapter 7

### RESPONSE TO TRUSTEE'S AMENDED APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND CENTURY 21 BEGGINS TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §327, 328, AND 330 (DOCKET NO. 59)

CREDITOR, TAMPA PALMS OWNERS ASSOCIATION, INC., (hereinafter referred to as "Association") by and through its undersigned attorneys, hereby files this response to Trustee's Amended Application to Retain BK Global Real Estate Services and Century 21 Beggins to Procure Consented Public Sale Pursuant to 11 U.S.C. §327, 328, and 330 (Docket No. 59) (hereinafter "Application"), and as grounds therefore states as follows:

1. The Association is a secured creditor pursuant to Section 720, Florida Statutes. The Association is owed $4,868.53 through April 10, 2017 which will need to be paid at closing.

2. Pursuant to Section 720, Florida Statutes, Debtors are also personally liable for the amounts due the Association and the Association is entitled to a money judgment, including a deficiency judgment, for those amounts if it so chooses.

3. The Application, filed on March 14, 2011 requests this Court to allow Trustee to sell the property, owned by the Debtors, for which the Association is a secured creditor, for an amount to be determined, which proposes to only pay-off the first mortgage on the subject property, closing costs, and leaving unspecified remaining proceeds to be turned over to the Trustee.

4. The Application does not indicate whether it is the intention of the Debtors to sell the property free and clear of any interests in such property.

5. The Application fails to name the Association's lien as an encumbrance on the property, fails to propose a purchase price in an amount that would satisfy all of the liens on the property, including but not limited to the Association's lien, and fails to otherwise adequately provide for or protect the Association's interest in the subject property.

6. Section 363(e) of the Bankruptcy Code provides that the Court shall prohibit or condition the sale of the property as is necessary to provide adequate protection of an entity that has an interest in the property to be sold.

7. Section 363(f) of the Bankruptcy Code provides that the property may only be sold free and clear of any interest in the property of an entity only if non-bankruptcy law permits the sale free and clear; such entity consents; or such interest is a lien and the price of the property sold is greater than the aggregate value of all liens on the property.

8. The proposed sale fails to adequately protect the Association because it does not provide whether the lien will survive the sale and remain an encumbrance on the property or whether the lien will attach to the proceeds of the sale.

9. The proposed price of the property in the proposed sale is contrary to Section 363(f) of the Bankruptcy Code because it is not greater than the aggregate value of the liens on the property.

10. The Association does not oppose the sale of the property, as long as it is paid the amount it is due at closing, or an offer to pay less is accepted by the Association. However, at this time, the Association has not been advised that either will be forthcoming.

WHEREFORE, the Association respectfully requests this Court, the trustee, and all other parties provide for payment of the secured claim of the Association at the closing.

I HEREBY CERTIFY that a copy of the foregoing was sent by regular mail to: Debtors, Dwayne B. James, Tricia M. James, 7505 Yardley Way, Tampa, FL 33647, Debtors' attorney, Samantha L. Dammer, Esq., Tampa Law Advocates, PA, 620 E Twiggs, Suite 110, Tampa, FL 33602, Trustee, Douglas N. Menchise, Esq., 2963 Gulf to Bay Boulevard, Suite 300, Clearwater, FL 33759, and US Trustee – TPA7/13, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602 and by automatic e-mail or regular mail pursuant to the Notice of Electronic Filing this April 18, 2017.

> BECKER & POLIAKOFF, P.A.
> Attorneys for Creditor
> 111 N. Orange Avenue
> Suite 1400
> Orlando, FL  32801
> Telephone:  (407) 875-0955
> Facsimile:  (407) 999-2209
> rsevers@bplegal.com
>
> By: <u>Robyn M. Severs</u>
>     Robyn Marie Severs, Esq.
>     Florida Bar No. 0154504

ACTIVE: T22518/378965:9621391_1